

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, 7th floor　　　　　　973-645-2700
Newark, New Jersey 07102

BL/PL AGR
USAO # 2024R00291

August 14, 2024

RECEIVED
OCT 09 2024
AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

Jonathan F. Marshall
The Law Offices of Jonathan F. Marshall
82 Court Street
Freehold, NJ 07728

　　　　　　Re:　　Plea Agreement with Jacob Beacher
　　　　　　　　　　　　(24-CR-656-01)

Dear Mr. Marshall:

　　　　This letter sets forth the plea agreement between your client, Jacob Beacher ("Beacher"), the United States Attorney for the District of New Jersey and the Department of Justice's Civil Rights Division ("this Office"). This offer will expire on August 28, 2024 if it is not accepted in writing by that date. If Beacher does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

　　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from Beacher to an Information which charges Beacher with damage to religious property, in violation of Title 18, United States Code, Section 247(a)(2). If Beacher enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Beacher for damaging religious property in Middlesex County on or about April 10, 2024, or for making false statements in Somerset County on or about April 12, 2024.

　　　　But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Beacher even if the applicable statute of limitations period for those charges expires after Beacher signs this agreement, and Beacher agrees not to assert that any such charges are time-barred.

Sentencing

The violation of Title 18, United States Code, Section 247(a)(2) to which Beacher agrees to plead guilty in the Information carries a statutory maximum prison sentence of three years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the Information may run consecutively to any prison sentence Beacher is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Beacher is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Beacher ultimately will receive.

Further, in addition to imposing any other penalty on Beacher, the sentencing judge as part of the sentence:

(1)   will order Beacher to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   must order Beacher to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3)   pursuant to 18 U.S.C. § 3583, may require Beacher to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Beacher be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Beacher may be sentenced to not more than one year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Beacher agrees to pay full restitution to the victim of the offense charged in the Information

in an amount that fully compensates the victim for the losses sustained as a result of those offenses as detailed in paragraph 10 of the Attached Schedule A.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Beacher by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Beacher's activities and relevant conduct with respect to this case.

Stipulations

This Office and Beacher will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with the stipulations in paragraph 10 of the Attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Beacher from any portion of this agreement, including any other stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Beacher waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Beacher understands that, if Beacher is not a citizen of the United States, Beacher's guilty plea to the charged offense will likely result in Beacher being subject to immigration proceedings and removed from the United States by making Beacher deportable, excludable, or inadmissible, or ending Beacher's naturalization. Beacher understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Beacher wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Beacher's removal from the United States. Beacher understands that Beacher is bound by this guilty plea regardless of any immigration consequences. Accordingly, Beacher waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Beacher also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Beacher. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Beacher from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Beacher and this Office and supersedes any previous agreements between them. No additional

promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                            Very truly yours,

                                            PHILIP R. SELLINGER
                                            United States Attorney

By:    Benjamin Levin
        Assistant U.S. Attorney


                                            KRISTEN CLARKE
                                            Assistant Attorney General
                                            Civil Rights Division

                                            *s/Daniel Grunert*
By:

                                            Daniel Grunert
                                            Trial Attorney


APPROVED:

R. Joseph Gribko
Deputy Chief, Civil Rights Division

I have received this letter from my attorney, Jonathan F. Marshall, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 8/22/24
Jacob Beacher

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 8/22/24
Jonathan F. Marshall, Esq.
Counsel for Defendant

Plea Agreement With Jacob Beacher

Schedule A

1.   This Office and Jacob Beacher ("Beacher") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.   The version of the Guidelines effective November 1, 2023 applies in this case.

3.   The applicable guideline is U.S.S.G. § 2H1.1(a)(3)(B). This guideline carries a Base Offense Level of 10.

4.   Beacher intentionally selected any victim or any property as the object of the offense because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person. Accordingly, a three-level enhancement applies pursuant to U.S.S.G. § 3A1.1(a).

5.   As of the date of this letter, Beacher has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Beacher's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6.   Accordingly, the parties agree that the total Guidelines offense level applicable to Beacher is 11 (the "Total Offense Level").

7.   Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

8.   If the term of imprisonment does not exceed 16 months, and except as specified in the next paragraph below, Beacher will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 10 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind

the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

9. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

 (a) Any proceeding to revoke the term of supervised release.

 (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

 (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

10. This Office and Beacher agree to stipulate that the victim sustained losses in the amount listed below as a result of the offense charged in the Information as follows:

| Victim | Amount |
|---|---|
| Victim #1 | $19,345.10 |